**UNITED STATES of America, Plaintiff,**

v.

**FIRST GEORGIA BANK and Beverly Enterprises, Inc., Defendants.**

**Civ. A. No. C81–846A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 4, 1982.

Barbara A. Harris, Asst. U. S. Atty., F. Richard Waitsman, Asst. Reg. Atty., U. S. Dept. of HHS, Atlanta, Ga., for plaintiff.

Herbert D. Shellhouse, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendants.

### ORDER

SHOOB, District Judge.

The United States brings this action, under the "Hill-Burton Act," 42 U.S.C. § 291, *et seq.*, (the Act),[1] to recover a portion of the value of a nursing home built with Federal funds provided pursuant to the Act. Plaintiff contends that some $250,000.00 of Hill-Burton monies were granted for construction of a nursing home owned by Georgian Villa, Inc. Allegedly, this facility was transferred to defendant, First Georgia Bank, and subsequently to defendant, Beverly Enterprises, Inc. The case is now before the Court on defendants' motion to dismiss without prejudice or in the alternative for a stay.

---

1. Title 42 U.S.C. § 291, *et seq.*, popularly known as the "Hill-Burton Act", is a Federal assistance program aimed

    (a) to assist the several States in the carrying out of their programs for the construction and modernization of such public or other nonprofit community hospitals and other medical facilities as may be necessary, in conjunction with existing facilities, to furnish adequate hospital, clinic, or similar services to all their people;

    (b) to stimulate the development of new or improved types of physical facilities for medical, diagnostic, preventive, treatment, or rehabilitative services; and

    (c) to promote research, experiments, and demonstrations relating to the effective development and utilization of hospital, clinic, or similar services, facilities, and resources, and promote the coordination of such research, experiments, and demonstrations and the useful application of their results.

42 U.S.C. § 291.

Plaintiff's action as well as defendants' motion call for the Court's interpretation of 42 U.S.C. § 291i which reads as follows:

If any facility with respect to which funds have been paid under section 606 [42 USCS § 291f] shall, at any time within twenty years after the completion of construction—

(a) be sold or transferred to any person, agency, or organization (1) which is not qualified to file an application under section 605 [42 USCS § 291c], or (2) which is not approved as a transferee by the State agency designated pursuant to section 604 [42 USCS § 291d], or its successor, or

(b) cease to be a public health center or a public or other nonprofit hospital, outpatient facility, facility for long-term care, or rehabilitation facility, unless the Surgeon General[2] determines, in accordance with regulations, that there is good cause for releasing the applicant or other owner from this obligation,

the United States shall be entitled to recover from either the transferor or the transferee (or, in the case of a facility which has ceased to be public or nonprofit, from the owners thereof) an amount bearing the same ratio to the then value (as determined by the agreement of the parties or by action brought in the district court of the United States for the district in which the facility is situated) of so much of the facility as constituted an approved project or projects, as the amount of the Federal participation bore to the cost of the construction or modernization under such project or projects. Such right of recovery shall not constitute a lien upon said facility prior to judgment.

■ Defendants assert that this action is premature because the Secretary has not determined, pursuant to subsection 291i(b), whether to release defendants of their liability for good cause shown. The Court finds, as discussed below, that this action is

properly before the Court and DENIES defendants' motion to dismiss or alternatively for a stay.

The Court finds that the statutory provision for waiver of liability in 42 U.S.C. § 291i(b) applies only to liability founded upon 42 U.S.C. 291i(b). The Government here seeks return of these monies pursuant to 42 U.S.C. § 291i(a) for the transfer of the said nursing home to entities which are not qualified to file an application as provided under subsection 291i(a). The statute unambiguously places the waiver provision in subsection (b) and this subsection makes no reference to liability based on subsection (a). Defendants argue that a secretarial waiver applies to both subsections because subsection (b)'s reference to the waiver of liability for "the *applicant* . . ." must refer to persons in subsection (a) situations. This is an incorrect reading of the statute. "Applicant" refers to the individual who first obtained the grant and not to an individual who "is not qualified to file an application under section 605 or . . . not approved as a transferee by the state agency . . ." *Id.* at § 291i(a).

Furthermore, the regulation, 42 C.F.R. § 53.135, promulgated by the Secretary, pursuant to 42 U.S.C. § 291i(b), makes clear that the waiver provision applies only to subsection (b) situations where the facility "has ceased to be a health center . . ." *Id.* 42 C.F.R. § 53.135 provides as follows:

If within 20 years after completion of any construction for which a construction grant has been made the facility *shall cease to be a public health center* or a public or other nonprofit hospital, outpatient facility, facility for long-term care, or rehabilitation facility the Secretary, in determining whether there is good cause for releasing the applicant or other owner of the facility from its obligation shall take into consideration the extent to which:

---

2. The Surgeon General, who was originally charged with the administration of the Act, transferred this function to the Secretary of Health, Education and Welfare, 80 Stat. 1610

(1966), whose official designation was changed in 1979 to the Secretary of Health and Human Services. 93 Stat. 677 (1979).

386

(a) The facility will be devoted by the applicant or other owner to use for another public or nonprofit purpose which will promote the purpose of the Act;

(b) There are reasonable assurances that for the remainder of the 20-year period other public or nonprofit facilities not previously utilized for the purpose for which the facility was constructed will be so utilized and are substantially equivalent in nature and extent for such purposes; or

(c) The facility has been acquired from an agency of the United States (e.g., the Federal Housing Administration under its mortgage insurance commitment program) which has made a reasonable effort to dispose of it for operation as a public or nonprofit facility.

(Emphasis added.)

The Secretary's reading of the statute as shown by 42 C.F.R. § 53.135 is entitled to great deference. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *United States v. American Trucking Association,* 310 U.S. 534, 549, 60 S.Ct. 1059, 1067, 84 L.Ed. 1345 (1940). As stated by the Fifth Circuit, the Secretary's interpretation of an Act, which he is charged with administering, should be given considerable deference and upheld "unless clearly erroneous or unreasonable ..." *State of Florida v. Mathews,* 526 F.2d 319 (5th Cir. 1976). The Court does not find the Secretary's reading of subsection 291i(b) "clearly erroneous or unreasonable." On the contrary, the Court finds the Secretary's view persuasive.

Accordingly, defendants' motion to dismiss without prejudice or in the alternative for a stay is DENIED.