UNITED STATES of America

v.

COWETA COUNTY HOSPITAL AUTHORITY.

Civ. A. No. C84–57N.

United States District Court,
N.D. Georgia,
Newnan Division.

Dec. 21, 1984.

Nina L. Hunt, Asst. U.S. Atty., Edga⁄ Swindell, Asst. Regional Atty., D⁄ HHS, Atlanta, Ga., for plaintiff.

Charles Van S. Mottola, Sanders, Mottola, Haugen & Goodson, Newnan, Ga., for defendant.

## ORDER

TIDWELL, District Judge.

The above-styled matter is presently before the court on cross-motions for summary judgment by the plaintiff and defendant. This is a Hill-Burton recovery action, 42 U.S.C. § 291i, in which the United States seeks recovery of funds representing its proportionate share of the value of a public hospital which was constructed with federal assistance. Under 42 U.S.C. § 291i the United States is entitled to recover a percentage of the value of the facility commensurate with the federal funds contributed if the public facility within twenty years after the completion of construction:

(a) be sold or transferred to any person, agency, or organization (1) which is not qualified to file an application under section 605 [42 USCS § 291e], or (2) which is not approved as a transferee by the State agency designated pursuant to section 604 [42 USCS § 291d], or its successor, or

(b) cease[s] to be a public health center or a public or other nonprofit hospital, outpatient facility, facility for long-term care, or rehabilitation facility, unless the Surgeon General [now the Secretary of Health and Human Services under 80 Stat. 1610 (1966); 93 Stat. 677 (1979)] determines, in accordance with regulations, that there is good cause for releasing the applicant or other owner from this obligation.

The federal recovery action in this case arose as a result of the sale of Coweta General Hospital to General Hospitals of Humana, Inc., a for-profit corporation which does not qualify to file an application under 42 U.S.C. § 291e, within twenty years after the completion of the Hill-Burton construction project. Defendant admits that the statute applies and that the United States is entitled to recover $300,-049 plus accrued interest. The narrow issue that is the only contention before this court is whether the defendant may re-

quest a waiver of liability from the Secretary of Health and Human Services under § 291i(b).

In *United States v. First Georgia Bank,* 529 F.Supp. 384 (N.D.Ga.1982) the defendant in a similar recovery action argued that the waiver provisions found in § 291i(b) applied to § 291i(a) because subsection (b)'s reference to the waiver of liability for "the applicant ..." must refer to persons in subsection (a) situations. The court dismissed defendant's contention that the waiver provision applied to § 291i(a) as well as § 291i(b), finding that the waiver of liability applied only to liability founded on § 291i(b). *Id.* at 385–86.

Defendant in this case makes a related but slightly different argument. Defendant contends that while the transaction involved fits within subsection (a) in that the public hospital facility was transferred to a private for-profit hospital corporation, it also comes within subsection (b) in that defendant has "cease[d] to be a public health center." The facility has ceased to be *public* in that it is now *private.* Because this is also a subsection (b) situation the waiver provision applies. Defendant attempts to buttress its argument by contending that § 291i's language providing that the United States "shall be entitled to recover" is permissive and since it applies to both subsections "there must, then, be some 291i(a) situations which are included in § 291i(b). By definition it has to be those situations in which a facility ceases to be public but is still devoted to some extent to a public or nonprofit purpose which promotes Hill-Burtonism as required by 42 C.F.R. § 53.-154(a)." Defendant's Brief for Summary Judgment.

While defendant's argument is linguistically logical and imaginative the court finds it unpersuasive. Under defendant's interpretation of the statute any transfer to an ineligible entity could be considered a subsection (b) situation as the organization will cease to be a public health center. This interpretation would render

the separate recovery provision of § 291i(a) virtually superfluous. It is a fundamental rule when construing statutes that effect must be given, if possible, to every part of a statute such that no provision will be inoperative, superfluous, void or insignificant. *Weinberger v. Hynson, Westcott and Dunning, Inc.,* 412 U.S. 609, 633, 93 S.Ct. 2469, 2485, 37 L.Ed.2d 207 (1973); *Duke v. University of Texas at El Paso,* 663 F.2d 522, 526 (5th Cir.1981). Defendant's literalism risks strangulation of the obvious separate recovery provision and such an interpretation cannot be used to defeat the plain purpose of the statute. *Bob Jones University v. United States,* 461 U.S. 574, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983); *Espinoza v. Farah Manufacturing Co.,* 462 F.2d 1331 (5th Cir.1972), *aff'd* 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973). Unduly literal arguments interpreting this statute have been rejected at least twice before. *See First Georgia Bank, supra; United States v. Brady,* 385 F.Supp. 1347 (S.D.Fla.1974). The present transaction clearly falls within the scope of § 291i(a) and for the reasons succinctly stated in *First Georgia Bank, supra,* there is no good cause waiver provision applicable to § 291i(a).

Further this construction is consistent with the new changes in the Hill-Burton area which continues the distinction between subsection (a) and (b) situations. *See* Deficit Reduction Act of 1984, Division B (Spending Reduction Act of 1984) Title III. § 2381, Pub.L. 98–369 (July 18, 1984). The amended § 609 of the Public Health Service Act now explicitly provides for a waiver in a subsection (a) situation but it is a different waiver criteria than used in subsection (b). *Id.* at § 609(d)(1) and (d)(2). Because a distinction is drawn between subsection (a) situations and subsection (b) situations and defendant is not entitled to a waiver under § 291i(a) and has declined to pursue waiver under the new Public Health Service Act, the defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted.