**UNITED STATES of America**

v.

**ST. JAMES PARISH, LOUISIANA.**

**Civ. A. No. 91–1951.**

United States District Court, E.D. Louisiana.

May 13, 1992.

Stephen Mark Gallinghouse, U.S. Atty.'s Office, New Orleans, La., for U.S.

Sandra A. Vujnovich, Brook, Morial, Cassibry, Pizza & Adcock, Donna DiMartino Fraiche, Richard M. Ireland, Jr., Locke, Purnell, Rain & Harrell, New Orleans, La., for St. James Parish, Louisiana.

James Anthony Babst, Kathleen S. Plemer, Rebecca A. Stulb, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for IHS River Region Hosp. of Vacherie, Louisiana, Inc.

## ON MOTION FOR PARTIAL SUMMARY JUDGMENT

CHARLES SCHWARTZ, Jr., District Judge.

Before the Court is the Government's Motion for Partial Summary Judgment as to the defendants' joint and several liability pursuant to the Hill-Burton Act, 42 U.S.C. § 291i(a)(1)[1] based on the transfer to West St. James Parish Hospital to IHS River Region Hospital of Vacherie, La., Inc. ("IHS"), a proprietary entity, within 20 years of the construction of the hospital. The defendants, St. James Parish (the "Parish") and IHS filed formal opposition to the Government's motion. The matter was set for oral hearing on Wednesday, May 13th, 1992, but was submitted on the briefs.

---

1. The Government's original complaint in the captioned matter sought recovery against St. James Parish (the "Parish") under 42 U.S.C. § 291i(a)(2) based on the closure of West St. James Parish Hospital within 20 years of construction of the hospital, which was partially funded with Federal funds. Subsequently, the Government amended its complaint and now seeks recovery from both the Parish and IHS River Region Hospital of Vacherie, Louisiana, Inc. ("IHS"), under 42 U.S.C. § 291i(a)(.1) based on transfer of the hospital to IHS, a proprietary entity, within 20 years of the construction of the hospital.

## I. UNDISPUTED FACTS.

West St. James Hospital, the Hill-Burton facility at issue, was partially constructed with funds awarded to the Parish under Title VI of the Public Health Service Act, 42 U.S.C. § 291 *et seq.* The Parish was awarded $442,262 in Federal assistance for the construction of a 28–bed general hospital, which opened on October 1, 1974.[2]

By letter dated March 7, 1984, the Parish informed Public Health Service (PHS) that its Board of Commissioners voted to close the hospital on March 31, 1984. PHS responded by letter dated September 24th, 1985 informing the Parish that the Government was entitled to Hill-Burton recovery in the amount of $621,962, due to closure of the Hill-Burton facility within 20 years of completion of its construction (i.e., 42 U.S.C. § 291i(a)(2)).

On September 17, 1986, the Parish entered into a Lease/Purchase Agreement with defendant IHS, a for profit entity, whereby the Parish leased the facility to IHS for a period of five years with the option to purchase.[3] PHS was not informed of the transfer of IHS by the Parish, rather it first learned of the transfer from an auditor with the Office of the Inspector General in September of 1990.[4] In January of 1991, it was confirmed through Edward Leno, an administrator of IHS, that the hospital had been leased to IHS, a for-profit entity.[5] The purchase of the facility by IHS was finalized on March 24th, 1992.

The Parish did not request a "good cause" waiver of the demand for recovery prior to transfer of the hospital to IHS.

Both IHS and the Parish are named defendants in these proceeding *now* pursuant to 42 U.S.C. § 291i(a)*(1)* [i.e., transfer of the facility to a for-profit entity]. The Court is aware and the record reflects that the Parish (transferor) has agreed to in-

demnify and hold IHS (transferee) harmless in the event of any judgment rendered against it in the captioned matter. The Parish does not dispute any of the aforementioned facts. Thus, pursuant to Local Rule 2.10 these facts are deemed admitted for the purposes of the Government's motion for partial summary judgment.

However, the Parish contends that the following "material facts in dispute" warrant denial of the Government's Motion, to wit:

1. Whether the United States of America acted arbitrarily and capriciously in making its original calculation of the recovery amount.

2. Whether the United States of America acted arbitrarily and capriciously in refusing to offer St. James Parish a good cause waiver.

3. Whether the United States of America acted arbitrarily and capriciously in stating that a request for a good cause waiver had to be made in writing.

4. Whether the United States of America acted arbitrarily and capriciously in stating that a good cause waiver was not available to St. James Parish because of the September 1986 transfer of West St. James Parish Hospital to a proprietary entity.

5. Whether the United States of America acted arbitrarily and capriciously in offering the "waiver" that it did.[6]

## II. APPLICABLE LAW.

Recovery of Hill-Burton funds is governed by 42 U.S.C. § 291i(a), which states:

(a) Persons liable

If any facility with respect to which funds have been paid under Section 291f of this title, shall, at any time within 20 years after the completion of construction or modernization—

---

**2.** See, Affidavit of Fred M. Randall, Regional Consultant for Recoveries, Waivers and Trusts for Region VI, Public Health Services (PHS), United States Department of Health and Human Services, paras. 3 and 6.

**3.** *Id.* at paras. 7–13.

**4.** *Id.* at para. 10.

**5.** *Id.* at para 11.

**6.** See, Statement of Material Facts in Dispute filed on behalf of the Parish.

(1) **be sold or transferred to any entity (A) which is not qualified to file an application under section 291e of this title,** or (B) which is not approved as a transferee by the State agency designated pursuant to Section 291d of this title, or its successor, or

(2) cease to be a public health center or a public or other nonprofit hospital, outpatient facility, facility for long-term care, or rehabilitation facility, **the United States shall be entitled to recover, whether from transferor of the transferee (or, in the case of a facility which has ceased to be public or nonprofit, from the owners thereof) an amount determined under subsection (c) of this section.** [emphasis supplied].

Title 42, United States Code, Section 291i(b) requires the transferor of such a Hill-Burton facility to provide written notice of the transfer to the Secretary no later than 10 days from the date of its transfer.

The Secretary is authorized by statute to waive the Government's recovery rights pursuant to the Act under the following circumstances:

(1) The Secretary may waive the recovery rights of the United States under subsection (a)(1) of this section [**i.e., transfer of the facility to a for-profit entity**] with respect to a facility in any State if the Secretary determines, in accordance with regulations, that the entity to which the facility was sold or transferred.

(A) *has established an irrevocable trust*

(2) The Secretary may waive the recovery rights of the United States under subsection (a)(2) [**i.e., closure of the facility**] of this section with respect to a facility in any State if the Secretary determines, in accordance with regulations,

that there is *good cause* for waiving such rights with respect to such facility.[7]

There is no question in the case at bar but that the Government is pursuing its remedies pursuant to 42 U.S.C. § 291i(a)(1)—that is, the provision regarding *transfer of the facility to a for-profit entity* IHS.[8] There is no dispute that the Parish is not entitled to a waiver predicated on the establishment of an irrevocable trust.

■ It is the opinion of the Court that the assertions on behalf of the Parish with regard to a "good cause" waiver are *not* material to the issue of liability pursuant to Section 291i(a)(1) for the reasons set forth in *United States v. Coweta County Hospital Authority*, 777 F.2d 667, 669 (11th Cir. 1985), to wit:

The Authority's interpretation would rob section 291i(a)(1) of any operation and must be rejected. Congress set forth two separate provisions for a reason. Section 291i(a)(1) applies in cases such as the one before us, where the recipient of Hill–Burton funds transfers its facility to ineligible private hands. Section 291i(a)(2) applies where the recipient retains the facility but converts its use to ineligible purposes. We hold that liability of the Authority in the current dispute is based on section 291i(a)(1), and that section 291i(a)(2) does not apply.

\* \* \* \* \* \*

The only difference between liability based on section 291(a)(1) and liability based on section 291(a)(2) is the availability of a 'good cause' waiver. **If Congress had intended the 'good cause' waiver to apply in all cases it would not have needed to set forth two separate types of liability.** Instead, Congress could have provided for liability any time a facility is no longer used as a public or nonprofit hospital and authorized a waiver of this liability for good cause. Rath-

---

**7.** 42 U.S.C. § 291i(d) [emphasis supplied].

**8.** See, Government's First Amended Complaint; Minute Entry Order of the Court dated April 6, 1992; and Minute Entry Order of the Court

dated April 15, 1992 (stating that the Government's First Amended Complaint "clearly seeks recovery of damages pursuant to § 291i(a)(1) as against both the Parish and IHS.").

er than doing so, Congress elected to set forth two separate types of liability.

The same argument was rejected in *United States v. First Georgia Bank*, 529 F.Supp. 384 (N.D.Ga.1982), a case decided prior to the recent amendment of the Act. The court in *First Georgia* simply stated that 'the statute unambiguously places the waiver provision in subsection (b) [now section 291i(a)(2)] and this subsection makes no reference to liability based on subsection (a) [now section 291i(a)(1)].' 529 F.Supp. at 385. The court also observed that its interpretation was consistent with the regulations promulgated by the Secretary of Health and Human Services to implement the Act and that the interpretation contained in those regulations was entitled to substantial deference. We agree with the reasons set forth in *First Georgia*.

The amendment to the statute confirms our conclusion that the 'good cause' waiver cannot apply in this case. As noted in *First Georgia*, the former statute simply set forth two bases for liability and inserted a 'good cause' waiver provision in one of them. The new statute provides that the Secretary may waive the right to recover under section 291i(a)(2) for 'good cause', but provides that the Secretary may waive recovery under section 291i(a)(1) only if the agency establishes an irrevocable trust to meet its obligation to provide health care to indigents. It is apparent, therefore, that Congress did not intend to allow 'good cause' waivers in the case of transfers to for-profit health care providers such as Humana.

The Authority contends that the interpretation it advances is consistent with the purpose of the Hill–Burton Act.... We agree that one purpose of the law is to provide such care [i.e., health care to indigents]. **Congress sought to attain its goal, however, within the context of limits set forth in the statute. It is not the role of the courts to disregard these limits in order to advance the stated congressional purpose.** *Id.* at 669–70 [emphasis supplied].

In the case at bar, the defendants do *not* dispute that the elements for recovery pursuant to 42 U.S.C. § 291i(a)(1) have been met. Rather, the defendant's allege *inter alia*, that the Government acted arbitrarily and capriciously in making its original calculation of the recovery amount. Inasmuch as the Government could not have based the recovery amount on the transaction value until PHS received information from the Parish concerning transfer of the facility, defendant's assertion is wholly without merit. Moreover, the Parish's contention in this regard is not material since plaintiff's motion for partial summary judgment addresses solely liability pursuant to 42 U.S.C. § 291i(a)(1) and not the recovery amount (i.e., damages). The recovery amount as it was originally calculated is not material to the issues inherent in the Government's present theory of recovery [i.e. 42 U.S.C. § 291i(a)(1) transfer of the facility to a for-profit entity].

Under the present theory of recovery [i.e., 42 U.S.C. 291i(a)(1)], a 'good cause' waiver and any issues which inhere therein are *immaterial* and thus, present no stumbling block to a judgment of liability on account of transfer of the facility for the reasons previously discussed at length within the context of the *Coweta County Hospital* case.

■ The Parish contends that the Government is estopped from recovering Hill–Burton grant money because of the various actions/inaction set forth in detail in its statement of material facts in dispute which is reiterated in Section I hereinabove. In order to prevail on a traditional estoppel defense, the Parish must prove a misrepresentation upon which the defendant reasonably relied to his detriment.[9] "When estoppel is alleged against the United States, the defendant must also prove

**9.** See, *United States v. St. John's General Hospital*, 875 F.2d 1064, 1069 (3rd Cir.1989) [citing, *Heckler v. Community Health Services of Crawford County*, 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984)].

'affirmative misconduct' on the part of the government." [10]

Here, the Government's complaint is based on Section 291i(a)(1) as against both IHS (transferee) and the Parish (transferor). The record is devoid of any evidence that the Government misrepresented anything to IHS (transferee). As previously mentioned, the Parish has agreed to indemnify and hold IHS harmless.

Additionally it is undisputed that the Parish did not request a "good cause" waiver until sometime after the facility was transferred to IHS. Moreover, the Parish failed to provide written notice of the transfer of the facility to IHS within 10 days of the date of its transfer as required by the provisions of the Act, 42 U.S.C. § 291i(b).

Finally, inasmuch as the "good cause" waiver of recovery provision is only available in a case where a facility ceased its existence [Section 291i(a)(2)] and not in a case such as this where the facility was subsequently transferred/sold to a non-qualifying entity any reliance on the availability of a "good cause" waiver was unreasonable.[11] Section 291i(a)(1) enables a defendant to claim waiver only if the Secretary determines that the transferee has established an irrevocable trust in an amount calculated in accordance with the statute, and that the transferee will meet certain obligations of the transferor.[12] In the case at bar, the Parish did not inform the Government of the transfer. The Government learned of the transfer "through the grapevine." [13]

Considering that the Parish has filed an "OFFER OF JUDGMENT" pursuant to F.R.C.P. Rule 68, the Court specifically reserves ruling on the issue of liability for prejudgment interest, which will be determined at trial on the merits along with the issue of damages, i.e., the recovery amount due and owing to the Government.

Accordingly, considering the submissions of the parties and for all of the above and foregoing reasons,

IT IS ORDERED that the Government's Motion for Partial Summary Judgment is GRANTED in its favor, and against the defendants, St. James Parish, Louisiana, and IHS River Region Hospital of Vacherie Louisiana, Inc. on the issue of the aforesaid defendants' liability to plaintiff pursuant to 42 U.S.C. § 291i(a)(1). The Court specifically reserves ruling on the narrow issue of the defendants' liability for prejudgment interest, which will be determined at trial on the merits along with the issue of damages (i.e., the recovery amount).

[redacted]

10. *Id.*

11. In *United States v. St. John's General Hospital,* 875 F.2d 1064, 1070–71 (3rd Cir.1989), the court affirmed summary judgment in favor of the Government rejecting all of the arguments of the appellants including waiver and estoppel. The court was persuaded by the reasoning of the court in *Coweta County Hospital* discussed at length above.

12. 42 U.S.C. § 291i(d)(1).

13. See, supra Note 5, and accompanying text.